**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

<table>
<tr><td></td><td>*</td><td></td></tr>
<tr><td>**GARY PISNER,**</td><td></td><td></td></tr>
<tr><td></td><td>*</td><td></td></tr>
<tr><td>**Plaintiff,**</td><td></td><td></td></tr>
<tr><td>**v.**</td><td>*</td><td>**Case No.: GJH-22-19**</td></tr>
<tr><td></td><td></td><td></td></tr>
<tr><td>**ROBERT MCCARTHY,** *et al.*,</td><td>*</td><td></td></tr>
<tr><td></td><td></td><td></td></tr>
<tr><td>**Defendants.**</td><td>*</td><td></td></tr>
</table>

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION**

Pro-se Plaintiff Gary Pisner brings this civil action against Defendants Robert McCarthy, Kevin McCarthy (together "McCarthy"),[1] and Dana Evans ("Evans"), (collectively "Defendants") for breach of contract (Count I), Legal Malpractice (Count II, against McCarthy), Accounting Malpractice (Count II, against Evans), Abuse of Process (Count III), and Conversion (Count IV). ECF No. 1. Pending before the Court are Defendants McCarthy's Motion to Dismiss, ECF No. 6, and Defendant Evans' Motion to Dismiss, ECF No. 12.[2] No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the following reasons, Defendants McCarthy and Defendant Evans' Motions to Dismiss are granted.

---

[1] Unless referred to by their full names, throughout the duration of this opinion, "McCarthy" is in reference to both Robert and Kevin McCarthy.

[2] Also pending before the Court are Plaintiff's Motion Continuance and Notice of Service, ECF No. 11, Defendant Evans' Motion for other Relief to Require Security for Costs, ECF No. 18, Plaintiff's Motion for More Definite Statement, ECF No. 20, and Plaintiff's Motion for Leave to File Out of Time, ECF No. 22.

## I.      BACKGROUND[3]

### A.  The Instant Lawsuit

Plaintiff states that he was the beneficiary of a trust and two estates, and that Defendants

McCarthy are both attorneys, and Evans is an accountant. ECF No. 1 at 4.[4] Plaintiff alleges that

Defendant Robert McCarthy was a "Court Appointed Trustee and Estate Administrator [who

worked with] his two associates Kevin McCarthy and Dana Evans." *Id.* Plaintiff states that

Defendant Robert McCarthy "is a frequent Court Appointee for matters related to Trust, Estates,

and Guardianships." *Id.* He further states that Defendants contractual breach "[arose] by an

almost total disregard for any implicit and implied duties as a Court Appointed Trustee and

Estate Administrator." *Id.* He alleges that "the behavior of the Defendants was not compatible

with any Attorney/Client Relationship; compatible with any Trustee/Beneficiary Relationship;

compatible with any Estate Administrator/Beneficiary Relationship; [and that] the Defendants

behavior 'would not be proper in the State of Maryland, nor in any other state in the U.S.'" *Id.* at

4–5. He next states that "there were no significant communications between [himself] and the

Defendants beyond 'lobing obscenities and threats at Plaintiff.'" *Id.* at 5. Plaintiff alleges that

"his assets as the Beneficiary [were] converted without his knowledge, 'apparently in exchange

for a fee paid to the Defendants,' resulting in almost a million dollars of Plaintiff's assets

disappearing, [leaving] Plaintiff with nothing." *Id.* He goes on to allege that "Defendants ignored

the Maryland Trust and Estates Statute entirely, apparently had ex parte hearings … with judges,

lied to judges, submitted documents to the judges … that contained false and impossible

---

[3] Unless stated otherwise, all facts are taken from Plaintiff's Complaint or documents attached to and relied upon in the Complaint and are accepted as true. *See E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011).
[4] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

assertions, made false statements under oath, disregarded court orders, committed ethical violations, refused to turn over or give [Plaintiff] access to Plaintiff's files, [and that] Defendants filed documents with the courts, without serving or informing Plaintiff." *Id.* Plaintiff contends that "the purpose of the Defendants' business model was 'not to engage in legal services, but to acquire a portion of the assets of their client,' by doing a 'nominal amount of paperwork for the judges in exchange for a cut of a trust or estate.'" *Id.* at 6. For completeness, and to help the Court understand the full history of the case, the Court takes the remainder of the facts from prior litigation regarding the Trust.

**B. Prior Litigation**

On December 12, 2008, Plaintiff's mother, Marion Pisner ("Marion") established the "Marion E. Pisner Revocable Trust" ("Trust"). Case 8:21 cv-00020-TDC, ECF No. 15-3, Ex. A. Under the agreement, the assets were to be utilized for the benefit of Marion during her lifetime, and upon her death, distributed to her children, Plaintiff and his sister. *Id.* On Marion's passing, the trustees of the Trust were her children, Plaintiff, and Plaintiff's sister.

In August 2017, the Circuit Court for Montgomery County issued a show cause order to Plaintiff and his sister and offered them an opportunity to be heard on September 28, 2017 to show why they should not be removed as trustees of the Trust. Case No. 8:21 cv-00020-TDC, ECF No. 15-7 at 1.

After the hearing, on October 11, 2017, the Circuit Court issued an order removing Plaintiff and his sister as trustees of the Trust and appointed Defendant Robert McCarthy as the substitute Trustee. *Id.* The Circuit Court ordered that Robert McCarthy file an inventory of all the Trust assets within sixty days of the order. *Id.* at 2. The Court further ordered that Robert McCarthy attend a hearing on November 22, 2017, and present the findings of the accounting.

*Id.* The Court permitted that Robert McCarthy "engage other individuals with needed expertise if necessary to comply with the order and administration of the trust," and permitted him to petition the Court to be paid reasonable compensation on an hourly basis. *Id.* The Court went on to order that all parties, Plaintiff and his sister, assist Robert McCarthy as necessary by "providing all documents, information, and access as necessary or convenient for [Robert McCarthy] to comply with the Order and administer the Trust going forward." *Id.*

On November 13, 2017, Plaintiff filed a "Request for Reconsideration and Notice of Objections for Appeal" to contest his removal as trustee and Robert McCarthy's appointment as substitute trustee. Case No. 427983-V, docket entry ("DE"), 44. The Circuit Court denied his motion. *Id.* at DE 62.

On April 24, 2018, Plaintiff filed a "Motion for Removal of 'Substitute Trustee' for [McCarthy's] Breach of Trust." ECF No. 6-7. In the Motion, Plaintiff alleged that McCarthy breached his powers and failed to comply with statutory requirements by "acting in his own financial interests using various actions that were in gross violation of his fiduciary duties through chronic misrepresentations to courts, through non-trust legal services to [his sister], and through clear ethical violations." *Id.* at 6. Multiple times in the Motion, Plaintiff asserted that McCarthy was "push[ing] to enrich himself." *Id.* at 7–9. Plaintiff went on to allege that McCarthy violated Maryland Code of Trusts and Estates § 14.5-803. *Id.* at 10. Plaintiff alleged that McCarthy "pushed a distribution which supports unequal distribution in favor of [his sister], [gave] legal advice to and [did] legal work for [his sister], and filed a 'groundless' suggestion of contempt." *Id.* at 10–11. Plaintiff further alleged that McCarthy has failed to comply with his statutory duty by preventing Plaintiff from accessing records, failing to comply with his duty to administer the trust by "[showing] absolutely no ability to act prudently, with 'reasonable care

4

and caution.'" *Id.* at 12–13. Plaintiff then stated that McCarthy has "used unethical means in his effort to maintain his position [by] 'threatening Plaintiff in open court, filing two motions to dismiss the appeal, [which contained] false material, stating that he would file an ethics complaint against Plaintiff and have him disbarred, filing a suggestion for contempt against Plaintiff, making false attacks on Plaintiff, making false statements regarding the trial court's jurisdiction, [and] making false statements to the Montgomery County Orphans Court.'" *Id.* at 16. The Circuit Court denied Plaintiff's Motion on May 21, 2018. Case No. 427983-V, DE 103.

On April 30, 2018, McCarthy filed a "Petition for Finding of Contempt with Request for Incarceration and Attachment." Case No. 427983-V, DE 95. Following a contempt hearing on June 7, 2018, the Circuit Court granted McCarthy's petition for contempt and "ordered [Plaintiff] to be incarcerated for sixty days unless he provided the required documents on or before July 20, 2018." *Pisner v. McCarthy*, 2020 Md. App. LEXIS 272, 2020 WL 1303623 at *7 (Md. Ct. Spec. App. Mar. 18, 2020) (unreported opinion). "Plaintiff did not provide McCarthy with the required documentation, [and] the [C]ircuit [C]ourt continued to find him in contempt but vacated the sentence of jail time." *Id.* Plaintiff appealed the finding of contempt. *Id.*

On April 12, 2019, the Circuit Court entered its order approving McCarthy's motion for approval of trust distribution. *Id.* McCarthy recommended that Plaintiff's sister get the "remaining available cash in the trust, approximately $490,000, 'because Plaintiff had received distributions from the trust that totaled approximately $594,000 more than distributions received by [his sister].'" *Id.* Plaintiff filed a motion for reconsideration of the distribution order, which the Court denied. *Id.* at 6–7. Plaintiff appealed this finding, and the Court of Special Appeals affirmed the Circuit Court. *Id.* Plaintiff sought review from the Court of Appeals of Maryland, but the Court denied certiorari. *Pisner v. McCarthy*, 232 A.3d 264 (2020).

Plaintiff had also filed a lawsuit against his sister, where the Court held that Plaintiff's claims were barred by *res judicata* and collateral estoppel. *Pisner v. Rubinstein*, 2022 U.S. Dist. LEXIS 18096, 2022 WL 294826 (Jan. 31, 2022). The Fourth Circuit Affirmed. *Pisner v. Rubinstein*, 2022 U.S. App. LEXIS 23876 (4th Cir. 2022).

## II.   STANDARD OF REVIEW

Defendants allege that all of Plaintiff's claims are barred by the doctrines of *res judicata* and collateral estoppel. ECF No. 6, No. 12. Alternatively, Defendants also allege that Plaintiff has failed to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). *Id.*

### A.   Res Judicata and Collateral Estoppel

*Res judicata* "bars a party from relitigating a claim that was decided or could have been decided in an original suit." *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 161 (4th Cir. 2008) (quoting *Pueschel v. United States*, 369 F.3d 345, 355 (4th Cir. 2004)). The doctrine of collateral estoppel "precludes a party from re-litigating a factual issue that was essential to a valid and final judgment against the same party in a prior action." *Nat'l Union Fire Ins. Co. v. Funds for Animals*, 451 Md. 431, 463–64 (2017) (quoting *Shader v. Hampton Improvement Ass'n, Inc.*, 217 Md. App. 581, 605 (2014)). "The preclusive effect of a judgment rendered in state court is determined by the law of the state in which the judgment was rendered." *Laurel Sand,* 519 F.3d at 162. Since the judgment alleged to be preclusive is a Maryland state court judgement, this Court will apply Maryland law. The Court may take judicial notice of facts in evaluating a *res judicata* or collateral estoppel defense so long as the facts are not "subject to reasonable dispute, and the facts [can be] readily determined from sources whose accuracy

cannot reasonably be questioned." *See Andrews v. Daw,* 201 F.3d 521, 524 n.1 (4th Cir. 2000);

*Zak v. Chelsea Therapeutics Int'l, Ltd*., 780 F.3d 597, 607 (4th Cir. 2015).

**B.  Rule 12(b)(6)**

A motion to dismiss under 12(b)(6) "test[s] the adequacy of a complaint." *Prelich v. Med.*

*Res., Inc.*, 813 F. Supp. 2d 654, 660 (D. Md. 2011) (citing *German v. Fox*, 267 F. App'x 231,

233 (4th Cir. 2008)). Motions to dismiss for failure to state a claim do "not resolve contests

surrounding the facts, the merits of a claim, or the applicability of defenses." *Prelich*, 813 F.

Supp. 2d at 660 (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). To

overcome a Rule 12(b)(6) motion, a complaint must allege sufficient facts to state a plausible

claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when "the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Id.*

In evaluating the sufficiency of the plaintiff's claims, the Court accepts factual

allegations in the complaint as true and construes them in the light most favorable to the plaintiff.

*See Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cty.*,

407 F.3d 266, 268 (4th Cir. 2005). However, the complaint must contain more than "legal

conclusions, elements of a cause of action, and bare assertions devoid of further factual

enhancement." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir.

2009). Indeed, the Court need not accept unsupported legal allegations, *see Revene v. Charles*

*Cty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual

allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations

devoid of any reference to actual events, *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d

844, 847 (4th Cir. 1979). The Court should not grant a motion to dismiss for failure to state a

claim unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *GE Inv. Priv. Placement Partners II v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001) (quoting *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 249–50 (1989)). Furthermore, "[c]ourts may consider relevant facts subject to judicial notice without converting a motion to dismiss into a motion for summary judgment." *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 557 (4th Cir. 2013).[5]

## III.   DISCUSSION

Defendant Evans' Motion to Dismiss, ECF No. 12, essentially makes the same argument as the McCarthy Motion to Dismiss, ECF No. 6, therefore, the Court will evaluate the two Motions in tandem. The Court will first take up Defendants' preclusion arguments of *res judicata* and collateral estoppel; and then move to the remaining arguments, evaluating them under the familiar framework of Rule 12(b)(6).

### A.  Res Judicata

Defendants allege that Plaintiff's claims are "barred by *res judicata,* because they have been previously raised and fully litigated in the [Montgomery County Circuit Court and the Court of Special Appeals of Maryland]." ("Maryland State Courts"). ECF No. 6-1 at 6; ECF No. 12-1 at 1, 4. The *res judicata* "doctrine was designed to protect 'litigants from the burden of relitigating an identical issue with the same party or his privy and [to promote] judicial economy by preventing needless litigation.'" *Laurel Sand*, 519 F.3d at 161–62 (quoting *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979)). In Maryland, "the elements of res judicata are: (1) that the parties in the present litigation are the same or in privity with the parties in the earlier

---

[5] *See Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 607 (4th Cir. 2015) ("Under Federal Rule of Evidence 201, courts at any stage of a proceeding may 'judicially notice a fact that is not subject to reasonable dispute,' provided that the fact is 'generally known within the court's territorial jurisdiction' or 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'").

dispute; (2) that the claim presented in the current action is identical to the one determined in the

prior adjudication; and (3) that there has been a final judgment on the merits." *Id.* at 162 (quoting

*Anne Arundel County Bd. of Educ. v. Norville*, 887 A.2d 1029, 1037 (2005) (citations omitted)).

The test for deciding "whether the causes of action are identical for claim preclusion purposes is

whether the claim presented in the new litigation 'arises out of the same transaction or series of

transactions as the claim resolved by the prior judgment.'" *Id.* (quoting *Pittston Co. v. United

States*, 199 F.3d 694, 704 (4th Cir. 1999) (citations omitted)). New claims that are "based on the

same transactional nucleus of facts may still be subject to a res judicata finding if the claims

could have been brought in the earlier action." *Id.*

It is clear that the parties in the Maryland State Court suits are the same, or in privity,

with the parties in this suit. "[P]arties are in privity when, 'in the advancement of their interest

[they] take open and substantial control of its prosecution, or they are so far represented by

another that their interests receive actual and efficient protection. [A]ny judgment recovered

therein is conclusive upon them to the same extent as if they had been formal parties.'" *Anand v.

Sullivan*, 168 A.3d 1030, 1042 (Md. 2010) (quoting *Poteet v. Sauter*, 136 Md. App. 383, 412,

766 A.2d 150 (2001)). As illustrated in the facts, Plaintiff and Robert McCarthy were both

parties to the suit in the Maryland State Courts and are the same parties in this case. *See Pisner v.

McCarthy*, 2020 Md. App. LEXIS 272, 2020 WL 1303623 (Md. Ct. Spec. App. Mar. 18, 2020)

(unreported opinion). This Court also finds that Kevin McCarthy and Dana Evans were in privity

with Robert McCarthy in the prior litigation. To reach this finding the Court notes that Plaintiff,

in his complaint, states that Kevin McCarthy and Dana Evans are "associates" of Robert

McCarthy. ECF No. 1 at 4. It appears, and as alleged by Plaintiff, that Kevin McCarthy is a

Partner in Robert McCarthy's Law Practice, and Dana Evans is an accountant associated with

McCarthy's Court Appointee Practice. ECF No. 1 at 2. The Court also notes that the

Montgomery County Circuit Court, in ordering Robert McCarthy to be the replacement trustee,

"permitted that Robert McCarthy 'engage other individuals with needed expertise if necessary to

comply with the order and administration of the trust.'" Case No. 8:21 cv-00020-TDC, ECF No.

15-7. It therefore appears, consistent with what Plaintiff has alleged, that Defendants were

working in tandem, and as such had the same interests, such that any one of them would have

adequately represented the interest of the other in the Maryland State Courts. Robert McCarthy,

being the named party in the previous Maryland State Court lawsuits, was the party that

prevailed in the previous suits and therefore, did adequately protect Kevin McCarthy and Dana

Evans' interests.  As such, this Court finds that element one has been met. *See Anand v.

O'Sullivan*, 168 A.3d at 1042–43 (holding that the substitute trustees were in privity with the

predecessor trustees because the substitute trustees' interests received actual and efficient

protection).

Now that we have determined that the parties are the same or in privity, the Court must

determine if the claims in the two actions are identical. To do this it must "compare the

allegations set forth in the previous suit with the current complaint." *Laurel Sand*, 519 F.3d at

162. In the instant case, Plaintiff asserts claims based on Defendants' "breach of their implicit

and implied duties as Court appointed Trustee and Estate Administrators." ECF No. 1 at 4. The

allegations asserted by Plaintiff were raised and denied in the Maryland State Courts. *See*

Plaintiff's "Motion for Removal of 'Substitute Trustee' for his Breach of Trust." ECF No. 6-7;

Case No. 427983-V, DE 103. Furthermore, all of the claims arise out of the same transaction,

McCarthy's administration of the trust. *See id.*

In the instant case, Plaintiff, alleges that "the Defendants were required to administer the trust reasonably, that the Defendants ignored this, that they were required to comply with § 14.5-801, that they refused to communicate with Plaintiff and made false claims in court filings, that they refused to grant access to Plaintiff's own files, that they lied to Plaintiff and the courts, that they transferred Plaintiff's assets in exchange for money, that they gave perjured testimony to have Plaintiff found in contempt of court, and that they threatened Plaintiff with disbarment." ECF No. 1 at 7–10.[6]

In the previous Circuit Court case, Plaintiff alleged that "McCarthy breached his powers and failed to comply with statutory requirements by 'acting in his own financial interests using various actions that were in gross violation of his fiduciary duties through chronic misrepresentations to courts, through non-trust legal services to [his sister], and through clear ethical violations.'" ECF No. 6-7 at 6. Multiple times in the Motion to Remove McCarthy, Plaintiff asserted that McCarthy was "push[ing] to enrich himself." *Id.* at 7–9. Plaintiff went on to allege that McCarthy violated Maryland Code of Trusts and Estates § 14.5-803. *Id.* at 10. Plaintiff also alleged that McCarthy "pushed a distribution which supports unequal distribution in favor of [his sister], [gave] legal advice to and [did] legal work for [his sister], and filed a 'groundless' suggestion of contempt." *Id.* at 10–11. Plaintiff further alleged that McCarthy has failed to comply with his statutory duty by preventing Plaintiff from accessing records, failing to comply with his duty to administer the trust by "[showing] absolutely no ability to act prudently, with 'reasonable care and caution.'" *Id.* at 12–13. Plaintiff then stated that McCarthy has "used unethical means in his effort to maintain his position [by] 'threatening Plaintiff in open court,

---

[6] Note that the remainder of the Complaint, pages 11-15, alleges more conduct on behalf of Defendants that are substantially similar, based on the same evidence, and arise out of the same transaction as the prior Maryland State Court Suits.

filing two motions to dismiss the appeal, [which contained] false material, stating that he would file an ethics complaint against Plaintiff and have him disbarred, filing a suggestion for contempt against Plaintiff, making false attacks on Plaintiff, making false statements regarding the trial court's jurisdiction, [and] making false statements to the Montgomery County Orphans Court.'" *Id.* at 16.

In the instant suit and in the Montgomery County Circuit Court, the alleged claims arose from McCarthy's administration of the Trust, and thus from the same nucleus of facts and the same evidence. Therefore, the claims are identical, and Defendants have also met element two.[7] *See Laurel Sand,* 519 F.3d at 162–63 (holding that the claims were identical even though the first suit was a facial challenge and the second was an as-applied challenge, because it involved the same nucleus of facts, and the claims could have been brought in the earlier action where the Plaintiffs were aware of the facts that was the basis of the second challenge). *See also Leeds Fed. Savings & Loan Assoc. v. Metcalf,* 332 Md. 107, 120 (1993) (finding that the claims in the two suits were identical because the issue that was essential to the decision of the first court was the same issue that was essential to the decision of the second court).

As to the last element of res judicata, there was a final judgment on the merits in the Maryland State Courts. *Laurel Sand*, 519 F.3d at 162. On May 21, 2018, the Circuit Court of Montgomery County denied Plaintiff's Motion for Removal of Substitute Trustee for McCarthy's Breach of Trust. Case No. 427983-V, DE 103. On April 12, 2019, the Circuit Court entered its order approving McCarthy's motion for approval of trust distribution. The Court of Special Appeals affirmed the Circuit Court. *Pisner v. McCarthy*, 2020 Md. App. LEXIS 272,

---

[7] Plaintiff makes no assertion that any of his claims are new or different from the previous cases. In any event, any potential claims in the instant lawsuit that could be said to be "new" are also barred by *res judicata* because they could have been asserted in the earlier action. *Laurel Sand*, 519 F.3d at 162.

2020 WL 1303623 at *8 (Md. Ct. Spec. App. Mar. 18, 2020) (unreported opinion). Plaintiff sought review from the Court of Appeals of Maryland, but the Court denied certiorari. *Pisner v. McCarthy*, 232 A.3d 264 (2020). Because there has been a final judgment on the merits, element three has also been met and the Court finds that Plaintiff's claims against Defendants are barred by *res judicata*.

**B. Collateral Estoppel**

Plaintiff's claims are also defeated by collateral estoppel. The 4-part test for collateral estoppel under Maryland State law is similar to the test for *res judicata.* The Court must determine "(1) [w]as the issue decided in the prior adjudication identical with the one presented in the action in question? (2) Was there a final judgment on the merits? (3) Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication? (4) Was the party against whom the plea is asserted given a fair opportunity to be heard on the issue?" *Nat'l Union Fire Ins. Co.*, 451 Md. at 464. The Court has already established elements 1–3 under its *res judicata* analysis. Therefore, the Court will only discuss element four.

The Defendants in this case are asserting the defense of collateral estoppel against the Plaintiff. Because the Plaintiff was the one who asserted the claims against McCarthy in the earlier suit, there is no doubt that he had a fair opportunity to be heard. Both the Circuit Court and the Court of Special Appeals reviewed and denied Plaintiff's Motions. *See* Case No. 427983-V, DE 103; *Pisner v. McCarthy*, 2020 Md. App. LEXIS 272 at *8. Therefore, element four has been met and Plaintiff's claims against Defendants are also barred by collateral estoppel.

**C. Rule 12(b)(6)**

Even if this Court were not to conclude that the Plaintiff's claims were barred by *res judicata* and collateral estoppel, it would still find that the Plaintiff's complaint fails to satisfy Federal Rule of Civil Procedure 12(b)(6). The Court will begin by evaluating Plaintiff's claims against McCarthy in his capacity as trustee, and then move to discuss the Defendants' Motions to Dismiss as to each individual claim.

### 1. McCarthy as Trustee

It is unclear whether Plaintiff asserts his claims against McCarthy in his capacity as trustee, or against him in his personal capacity. In either situation, Plaintiff's claims must fail. The Court will first evaluate Plaintiff's claims against McCarthy in his capacity as trustee, then move to discuss Defendants collectively. Plaintiff asserts four claims against McCarthy, breach of contract (Count I), Legal Malpractice (Count II), Abuse of Process (Count III), and Conversion (Count IV). Because these claims are either tort or contract claims—actions at law, and are therefore not equitable in nature,[8] they cannot be maintained against McCarthy in his capacity as trustee. *See Kann v. Kann,* 344 Md. 689, 703 (Md. Ct. Spec. App. 1997) (holding that the remedy of a beneficiary is "by suit in equity and not by an action of trespass, trover, detinue, replevin, or case, or any other action at law."). *See also Kidner V. Watson*, 2021 WL 4804775, at *9 (Md. Ct. Spec. App. 2021) (holding that the appellants intentional misrepresentation, conversion, and negligence claims were not actionable against appellee in her capacity as trustee); and *Jacob v. Davis,* 128 Md. App. 433, 468 (Md. Ct. of Spec. Appeals 1999) (holding that beneficiary's claims of contract, negligence, and conversion were not viable because they

---

[8] Under Maryland law, abuse of process and legal malpractice are tort claims. *See One thousand Fleet Ltd. P'ship v. Guerriero,* 346 Md. 29, 38 (1997) (describing the "*tort* of abuse of process") (emphasis added), *see also Kalarestagi v. Catonsville Eye Associates, LLC*, 2021 WL 305752 at *12 (Md. Ct. Spec. App. 2021) (stating that "A legal malpractice action … is like any other negligence claim … the absence of any one of those elements will defeat a cause of action in tort.").

were not exclusively equitable in nature and that claims by a beneficiary against a trustee must

be brought in equity as the plaintiff has no right to a jury trial). The Court will next evaluate

Plaintiff's claims against Defendants in their individual capacities, beginning with Count I.

### 2. Breach of Contract (Count I)

In Count I of the Complaint, Plaintiff asserts that Defendants were in breach of contract.

ECF No. 1 at 7. Generally, a contract is defined as "a promise or set of promises for breach of

which the law gives a remedy, or the performance of which the law in some way recognizes as a

duty." *Maslow v. Vanguri*, 168 Md. App. 298, 321 (2006) (quoting Richard A. Lord, 1 Williston

on Contracts § 1:1, at 2–3 (4th ed. 1990)). "A contract is formed when an unrevoked offer made

by one person is accepted by another." *Id.* (quoting *Prince George's County v. Silverman*, 58 Md.

App. 41, 57 (1984)). Thus, mutual assent is an integral component of every contract. *Id.* A "court

cannot enforce a contract unless it can determine what it is." *Cty. Comm'rs for Carroll Cty. V.*

*Forty W. Builders, Inc.*, 178 Md. App. 328, 378 (2008).

To prove breach of contract under Maryland law, the Plaintiff must "... allege with

certainty and definiteness facts showing a contractual obligation owed by the defendant to the

plaintiff and a breach of that obligation by defendant." *Endosurg Med., Inc. v. EndoMaster Med.,*

*Inc.*, 71 F. Supp. 3d 525, 540 (D. Md. 2014). "For a contract to be legally enforceable, its

language must 'be sufficiently clear and definite in order that the courts, which may be required

to enforce it, may be able to know the purpose and intention of the parties.'" *Id.* at 540–41

(quoting *Robinson v. Gardiner,* 196 Md. 213, 217 (Md. 1950)). "In considering the sufficiency

of a complaint alleging breach of contract, 'any ambiguity or uncertainty in the allegations is to

be construed against the pleader.'" *Id.* at 541 (quoting *Carder v. Steiner*, 225 Md. 271, 276

(1961) (overruled on other grounds)). Further, "skeletal factual allegations accompanied by

15

nothing more than mere conclusions and general averments of a breach of a contractual duty do not suffice to establish [a] ... unique and sophisticated claim." *Id.* (quoting *Continental Masonry Co., Inc. v. Verdel Const. Co., Inc.*, 279 Md. 476, 481 (Md. 1977)). With these standards in mind and looking to the breach of contract assertions made by Plaintiff against Defendants, the Court finds that the Plaintiff has failed to state a claim upon which relief can be granted.

Plaintiff has failed to properly allege any contractual obligation or duty owed to Plaintiff on behalf of Defendants. Plaintiff asserts that "a contractual or third-party beneficiary relationship was established by the Montgomery County Court … pursuant to Maryland Estates and Trusts § 14.5-801." ECF No. 1 at 7. No such contractual obligation was created. Importantly, Robert McCarthy was not sought out by Plaintiff for representation but was appointed as substitute trustee by the Montgomery County Circuit Court, a decision that Plaintiff contested. *See* Case No. 8:21 cv-00020-TDC, ECF No. 15-7; ECF No. 6-7. As such, no contractual obligation could have been formed where there was no mutual assent or meeting of the minds between Defendants and Plaintiff. *See Kirgan as trustee of Clarence Manger & Audrey Cordero Plitt Tr. v. Manufacturers & Traders Tr. Co.*, 810 F. App'x 187 (4th Cir. 2020) (holding that because there was no meeting of the minds, no contract could have been created). Additionally, as it pertains to Ms. Evans, Plaintiff does not allege that she was an appointee by the court, or that she was a trustee or in acceptance of a trusteeship. While not clear from the face of Plaintiff's complaint, the prior proceedings seem to indicate that Ms. Evans was associated with McCarthy to conduct an accounting of the Trust. *See* Case No. 8:21 cv-00020-TDC, ECF No. 15-7 at 2 (permitting McCarthy to engage other individuals to aid in the administration of the trust). *See also* ECF No. 1 at 2, 4, "Dana Evans, CPA, … is associated with Robert McCarthy's Court Appointee Practice." On this information alone, the Plaintiff has failed to allege with

specificity any duty owed to him by Ms. Evans. If Ms. Evans owed a duty to anyone, it was to McCarthy. Lastly, the plain reading of the statute does not imply any contractual obligations between the trustee and the Plaintiff. Section 14.5-801 states: "On acceptance of a trusteeship, the trustee shall administer the trust reasonably under the circumstances, in accordance with the terms and purposes of the trust and the interests of the beneficiaries, and in accordance with this title." § 14.5-801. In attempting to allege a contractual duty, Plaintiff states that "[s]ection 14.5-801 indicates that the Defendants were statutorily required to act in 'the interests of the beneficiaries and in accordance with this title.'" ECF No. 1 at 7. Repeating the language of the statute is nothing more than a "legal conclusion that is devoid of any factual enhancement" that the Court need not accept. *Nemet Chevrolet, Ltd.*, 591 F.3d at 255. Absent any definiteness and certainty alleged by the Plaintiff as to the parties' obligations, the Court cannot enforce a contract. *See Cty. Comm'rs for Carroll Cty.,* 178 Md. App. at 377–78. Plaintiff has failed to allege with certainty that there was a meeting of the minds, an offer and acceptance, or any other evidence sufficient to show that a contractual duty was created. As such, the Plaintiff has failed to assert a breach of contract claim upon which relief can be granted. *See Endosurg Med., Inc.*, 71 F. Supp. 3d at 541 (holding that the Plaintiffs failed to allege the existence of a contract where the Plaintiffs only alleged that the defendants were "subject to the terms of employment," and that this was not sufficient to "allege the existence of a contract, [particularly where the] allegations were void of any facts showing offer and acceptance.").

### 3.  Legal and Accounting Malpractice (Count II)

In Count II of the Complaint, Plaintiff brings a claim for Legal and Accounting Malpractice against Defendants. The factual assertions under this Count mirror the assertions

under the breach of contract claim. ECF No. 1 at 10–13. For the reasons stated below, the Plaintiff has failed to allege a legal malpractice or accounting malpractice claim.

In Maryland, professional malpractice is a type of negligence action. *Tgm Stonehaven v. Struever Bros. Eccles & Rouse*, 2007 Md. App. LEXIS 168 at *39 (Jul. 30, 2007). "To prevail on a claim for legal malpractice, a former client must prove '(1) the attorney's employment, (2) the attorney's neglect of a reasonable duty, and (3) loss to the client proximately caused by that neglect of duty.'" *Suder v. Whiteford, Taylor & Preston, LLP*, 413 Md. 230, 239 (2010) (quoting *Thomas v. Bethea*, 351 Md. 513, 528–29 (1998)). To prevail on an accounting malpractice claim, the Plaintiff must establish "(1) that defendant owed a duty to Plaintiff, or to a class of which the plaintiff is a part, (2) breach of that duty, (3) causal relationship between the breach and the harm suffered, and (4) damages." *Jacques v. First Nat. Bank of Maryland*, 307 Md. 527, 531–32 (1986).

First and foremost, Plaintiff has failed to allege that McCarthy was employed by Plaintiff. Plaintiff states that "[a]n Attorney/client relationship…[was] created…pursuant to Maryland Estates and Trusts § 14.5-801." ECF No. 1 at 10. This is not sufficient to survive a Motion to Dismiss. It is undisputed that McCarthy was appointed by the Court (not by Plaintiff) to administer the Trust, and Plaintiff does not allege that there was any separate agreement, retainer agreement, or any other facts that tend to show that McCarthy was to represent Plaintiff, or that an attorney/client relationship was formed in some other manner as between McCarthy and Plaintiff. Rather, Plaintiff asserts a legal conclusion devoid of any factual support to support his legal malpractice claim. Plaintiff cannot, therefore, establish element one, and his claim for legal malpractice must fail.

Second, pertaining to the accounting malpractice claim, the Court also finds that Plaintiff's claim must fail. Plaintiff alleges that "…a third-party beneficiary relationship was established by the Montgomery County Court in combination with Maryland Law Estates and Trusts § 14.5-801." ECF No. 1 at 10. Assuming that a third-party beneficiary relationship was established sufficient to create a duty owed by Ms. Evans to Plaintiff, Plaintiff has failed to allege sufficient facts to show a breach of that duty. Though unclear, it appears that Plaintiff's claims of accounting malpractice would have to be surrounding any accounting report of the Trust's assets that were ordered by the Montgomery County Circuit Court and subsequently submitted to that Court. *See* Case No. 8:21 cv-00020-TDC, ECF No. 15-7 at 2 (ordering an inventory of all trust assets, and that an accounting be submitted to the Court within sixty days). Plaintiff fails to allege with specificity the grounds for his claim of accounting malpractice. Plaintiff asserts allegations of "Defendants' refusal to grant access to Plaintiff's files, [their] concealing communications, their refusal to disclose the status of Plaintiff's assets, transferring Plaintiff's assets, Defendant Evans' perjured testimony to have Plaintiff found in contempt … the Defendants 'submitting alleged accountings to courts that were in violation of court orders and factually impossible.'" ECF No. 1 at 10–13. However, none of these allegations contain specific facts or circumstances to illustrate or demonstrate Ms. Evans' alleged wrongful or neglectful conduct as it pertains to the accounting of the Trust, or any other accounting duties. For example, Plaintiff states that the "alleged accountings were in violation of court orders and factually impossible," but provides no facts to support that statement. Without such factual support, the Court need not accept Plaintiff's unsupported legal allegations. As such, Plaintiff has failed to state a claim for relief under Count II and his accounting malpractice claim must be dismissed.

### 4.   Abuse of Process (Count III)

In Count III of the Complaint Plaintiff brings a claim for Abuse of Process. Plaintiff alleges that "the Defendants, through Robert McCarthy … abused his status and his reputation, their actions having the ulterior motive to stave off removal for their actions, to maintain their court appointee business through knowingly false oral and written statements, which they submitted to various judges, and to pocket tens of thousands of dollars in compensation ... [that] Defendants' submissions and statements to the court had a number of improper purposes … [that] the actions of the Defendants were outside the conduct of the proceedings … [and] the actions of the Defendants injected extrinsic fraud into the proceedings." ECF No. 1 at 14. This Court finds that Plaintiff has failed to allege a claim for abuse of process. "To sustain a cause of action for abuse of process, the plaintiff must prove: first, that the defendant wil[l]fully used process after it has issued in a manner not contemplated by law; second, that the defendant acted to satisfy an ulterior motive; and third, that damages resulted from the defendant's perverted use of process." *One thousand Fleet Ltd. P'ship v. Guerriero*, 346 Md. 29, 38 (1997) (citations omitted). "A cause of action for civil abuse of process in Maryland requires that the plaintiff establish that an arrest of the person or a seizure of property of the plaintiff resulted from the abuse of process." *Id.* at 46 (quoting *Bartlett v. Christhilf*, 69 Md. 219, 231 (1888)). *See also Campbell v. Lake Hallowell Homeowners Ass'n*, 157 Md. App. 504, 530–31 (2004) (same).

In this case, Plaintiff does not allege that his property was seized, only that one of "the Defendants' improper purposes in its statement to the court was 'their enrichment and Plaintiff's loss of his assets and property.'" ECF No. 1 at 14. Plaintiff has also failed to assert that he was arrested. Therefore, Plaintiff cannot maintain a claim of abuse of process against Defendants, and this claim must also be dismissed.

### 5. Conversion (Count IV)

Finally, in Count IV of the complaint, Plaintiff brings a claim for Conversion. Plaintiff alleges that Defendants "intentionally interfered with Plaintiff's control of his equable stake in his assets, by concealing transactions … transferred Plaintiff's assets to a third party … transferr[ed] Plaintiff's real property by deed, capital loss by bogus tax filings, and other assets by cash transfers." ECF No. 1 at 15. This Court finds that Plaintiff has failed to state a claim for conversion. "Conversion is an intentional tort, consisting of two elements, a physical act combined with a certain state of mind." *Darcars Motors of Silver Spring, Inc. v. Borzym*, 379 Md. 249, 261 (2004). "At a minimum, a defendant liable of conversion must have 'an intent to exercise a dominion or control over the goods which is in fact inconsistent with the plaintiff's rights.'" *Id.* at 262 (quoting *Keys v. Chrysler Credit Corp.*, 303 Md. 397, 414 (1985)).  Maryland law also states that "in order to recover for conversion one must either have been in actual possession or have had the right to immediate possession." *Hamilton v. Ford Motor Credit Co.*, 66 Md. App. 46, 64 (1985) (citations omitted).

In this case, Plaintiff has not alleged that Defendants control or dominion over the Trust was inconsistent with Plaintiff's rights. In fact, Plaintiff asserts that Defendants did have the right to assert control over the Trust in accordance with the duties of a court appointee. *See* ECF No. 1 at 4. Furthermore, Plaintiff does not allege that he had the right to immediate possession of the Trust or Trust assets. As it appears, the purpose of the Circuit Court appointing McCarthy as substitute trustee, was indeed to administer the trust, which indicates that Plaintiff did not have actual possession nor was he entitled to immediate possession of the Trust or its assets. As such, Plaintiff has failed to state a claim for Conversion and The Defendants' Motions to Dismiss will be granted.

21

## IV.    CONCLUSION

For the foregoing reasons, Defendants' Motions to Dismiss are granted.[9] A separate

Order follows.


Date: <u>September  26, 2022</u>                                    ____/s/_____

                                                                  GEORGE J. HAZEL
                                                                  United States District Judge

---

[9] Plaintiff's Motion Continuance and Notice of Service, ECF No. 11, is moot. Defendant Evans' Motion for other Relief to Require Security for Costs, ECF No. 18, is moot. Plaintiff's Motion for More Definite Statement, ECF No. 20, and Plaintiff's Motion for Leave to File Out of Time, ECF No. 22, are moot.