IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| GARY PISNER, | * | |
| Plaintiff, | * | |
| v. | * | Civil No. SAG-22-00019 |
| ROBERT McCARTHY, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiff Gary Pisner, who is self-represented, filed this action against Defendants Robert McCarthy, Kevin McCarthy, and Dana Evans, asserting state law claims related to Defendants' alleged conduct in administering a trust. ECF 1. On September 26, 2022, this Court granted Defendants' motions to dismiss and ordered the case closed. ECF 28, 29. Plaintiff has now filed a motion for relief pursuant to Federal Rule of Civil Procedure 60(b), ECF 30, which is fully briefed, ECF 34, 35, 39. Defendants Robert McCarthy and Kevin McCarthy (the "McCarthy Defendants") have also filed an opposed motion to quash a subpoena issued by Plaintiff while the Rule 60(b) motion was pending. ECF 41, 42. No hearing is necessary to resolve these motions. Loc. R. 105.6 (D. Md. 2021). For the reasons set forth below, Plaintiff's Rule 60(b) motion will be denied, and the McCarthy Defendants' motion to quash will be granted.

I.     **BACKGROUND**

This Court will dispense with a detailed summary of the factual background of this case, which has been summarized in its prior Memorandum Opinion. ECF 28 at 2-6. As explained in that Opinion, this Court dismissed Plaintiff's claims for breach of contract, malpractice, abuse of

process, and conversion on multiple independent grounds. First, the Court concluded that those claims were barred by res judicata and collateral estoppel, because the claims and issues had already been litigated in state court. ECF 28 at 8-13. The Court based these holdings on its review of Plaintiff's complaint and state court records that were attached as exhibits to the McCarthy Defendants' motion to dismiss. *Id*. The Court then held, in the alternative, that Plaintiff had failed to state a claim for relief in satisfaction of Federal Rule of Civil Procedure 12(b)(6). *Id*.

On December 27, 2022, Plaintiff filed the instant motion for Rule 60(b) relief. ECF 30. While that motion was pending, Plaintiff issued a subpoena to Defendant Robert McCarthy requesting "copies of the Estate tax filings and tax payments" for the trust which formed the underlying basis of this dispute. ECF 41-1.

II. ANALYSIS

A. Rule 60(b) Motion

Rule 60(b) permits a court to "relieve a party . . . from a final judgment, order, or proceeding" on a limited number of grounds. Before seeking relief under Rule 60(b), a party must first make a threshold showing of "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984) (citing *Compton v. Alton Steamship Co.*, 608 F.2d 96, 102 (4th Cir. 1979)). "After a party has crossed this initial threshold, [it] then must satisfy one of the six specific sections of Rule 60(b)." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993). These six sections permit relief from a final judgment based on: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, is no longer equitable, or is based on an earlier judgment that has been reversed; or (6)

any other reason that justifies relief. Fed. R. Civ. P. 60(b). "It is well-settled that a Rule 60(b) motion is not a substitute for a timely and proper appeal." *Degross v. Off. Depot, LLC*, Civ. No. JKB-22-0291, 2023 WL 2456830, at *2 (D. Md. Mar. 10, 2023) (citing *Ackermann v. United States*, 340 U.S. 193, 198 (1950)).

Plaintiff seeks Rule 60(b) relief on two grounds, both of which are unavailing. First, he contends that he was not timely provided notice of the dismissal of his case. Specifically, Plaintiff states he did not receive a mailed copy of this Court's Memorandum Opinion and Order until 70 days following their issuance, and only after Plaintiff learned of the disposition of his case and expressly requested that copies be sent to him. *See* ECF 30-2 at 1-2 (Pisner Decl.). He now asks this Court to reissue an order reflecting the actual service date so as to avoid prejudicing his ability to appeal the Court's opinion or to seek relief under Federal Rule of Civil Procedure 59(e). *See* Fed. R. App. P 4(a)(1) (generally requiring that a notice of appeal be filed "within 30 days after entry of the judgment or order appealed from"); Fed. R. Civ. P. 59(e) (requiring that a motion to alter or amend a judgment be filed "no later than 28 days after the entry of the judgment"). Initially, this Court notes that its Order specifically directed the Clerk of this Court to mail a copy of the Opinion and Order to Plaintiff, ECF 29, and there is no allegation (from Plaintiff or otherwise) that this directive was not carried out. Regardless, Plaintiff has failed to show that the relief he requests under Rule 60(b) is warranted. While Plaintiff claims the delayed notice has prejudiced his ability to timely appeal this Court's ruling, Federal Rule of Civil Procedure 77(d)(2) expressly states that "[l]ack of notice of the entry [of an Order] does not affect the time for appeal or relief—or authorize the court to relieve—a party for failing to appeal within the time allowed." The Fourth Circuit has held that Rule 77(d)(2) "bars Rule 60(b) relief when the sole reason asserted for that relief is the failure of a litigant to receive notice of the entry of an order or judgment." *Hensley v. Chesapeake*

*& O. Ry. Co.*, 651 F.2d 226, 229 (4th Cir. 1981); *see also id*. at 231 (noting that Rule 77(d) "plainly charges the prospective appellant with the duty of following the progress of the action and advising himself when the court makes the order he wishes to protest" (quoting *Long v. Emery*, 383 F.2d 392, 394 (10th Cir. 1967)). Although Plaintiff is *pro se*, this does not relieve him of the responsibility to follow the progress of his case or adhere to relevant procedural rules governing a potential appeal. *See* Loc. R. 101.1(a) (noting that "[i]ndividuals representing themselves are responsible for performing all duties imposed upon counsel by these Rules and all other applicable federal rules of procedure"). For that same reason, Plaintiff's inability to now seek alteration or amendment of this Court's judgment within the 28-day window required by Rule 59(e) does not justify Rule 60(b) relief.

Plaintiff's second argument is that this Court committed error by not addressing his motion to strike certain exhibits attached by the McCarthy Defendants to their motion to dismiss, and by improperly considering those exhibits in violation of Rule 201 of the Federal Rule of Evidence. The exhibits in question consist of filings, court opinions, and a docket sheet from the underlying state court proceedings involving Plaintiff and Defendant Robert McCarthy. *See* ECF 6-2, 6-3, 6-4, 6-5, 6-6. In his opposition to the motion to dismiss, which was also styled in part as a "motion to strike," Plaintiff contended that Defendants had failed to properly move the Court to take judicial notice of these documents. ECF 16 at 14-17. While this Court did not formally deny Plaintiff's apparent "motion to strike," nothing about the Court's consideration of the exhibits in question was improper or merits Rule 60(b) relief. Federal Rule of Evidence 201 permits a Court to take judicial notice of any fact "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). The Court may take notice on its own or "if a party requests it and the court is supplied with the necessary information." *Id*.

201(c). As Plaintiff acknowledged in his opposition to Defendants' motion to dismiss, *see* ECF 16 at 15-16, courts routinely take notice of the existence of judicial records. *See Ellis v. Cates*, 178 F.2d 791, 793 (4th Cir. 1949); *see also Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000) ("[W]hen entertaining a motion to dismiss on the ground of res judicata, a court may take judicial notice of facts from a prior judicial proceeding when the res judicata defense raises no disputed issue of fact[.]"); *French v. Chosin Few, Inc.*, 173 F. Supp. 2d 451, 456–57 (W.D.N.C. 2001), *aff'd sub nom. French v. The Chosin Few, Inc.*, 60 F. App'x 942 (4th Cir. 2003) (taking judicial notice of "the entire record" of previous prior litigation between the parties, including any portions of the record that "may not have been made a part of the record in this case"). In this case, the Court properly took notice of and considered the judicial records in question to determine which claims and issues had been adjudicated in the underlying state court proceedings. Furthermore, any argument by Plaintiff that he was entitled to additional process before this Court took judicial notice of the state court materials is meritless. "The court's taking of judicial notice before notifying a party is not alone improper, as the rule specifically contemplates such a possibility but allows the party an opportunity to be heard if the party so requests." *Ctr. for Biological Diversity, Inc. v. BP Am. Prod. Co.*, 704 F.3d 413, 423 (5th Cir. 2013). Here, Plaintiff addressed the judicial notice issue at length in his opposition to the motion to dismiss. It is evident from this Court's consideration of the exhibits that Plaintiff's arguments were simply rejected.

Relatedly, Plaintiff ignores that the proper means to challenge a judicial notice determination is through a direct appeal. As discussed above, Plaintiff failed to timely pursue such an appeal, and he cannot now resort to Rule 60(b) to effectively seek review of the Court's ruling. *See Degross*, 2023 WL 2456830, at *2. Finally, even assuming *arguendo* that the Court's consideration of the challenged exhibits was somehow improper, Plaintiff would still not be

5

entitled to relief because those exhibits were only relevant to the Court's res judicata and collateral estoppel rulings. However, this Court also dismissed his claims on the independent basis that they failed to satisfy Rule 12(b)(6). ECF 28 at 14-21. For this additional reason, Plaintiff cannot make the threshold showing of "a meritorious defense" that would entitle him to relief from judgment under Rule 60(b). *Werner*, 731 F.2d at 207.

### B. Motion to Quash

The McCarthy Defendants have also moved to quash Plaintiff's subpoena demanding that Robert McCarthy produce copies of tax filings and tax payments for the trust which gave rise to the parties' dispute. *See* ECF 41, 41-1. Federal Rule of Civil Procedure 45 requires a court to quash or modify a subpoena that "subjects a person to undue burden." Fed. R. Civ. Pro. 45(d)(3)(A)(iv). The Court finds such an undue burden here, where Plaintiff's claims against Defendants have already been dismissed in full. Furthermore, while Plaintiff states that the subpoenaed documents are relevant to his Rule 60(b) motion, this Court has already concluded that the Rule 60(b) motion is meritless. In short, there is no basis for Plaintiff to subpoena the requested records, and the McCarthy Defendants' motion will therefore be granted.

### III.   CONCLUSION

For the reasons set forth above, Plaintiff's motion for relief under Rule 60(b), ECF 30, will be DENIED. The McCarthy Defendants' motion to quash, ECF 41, will be GRANTED. A separate Order follows.

Dated: March 27, 2023

/s/
Stephanie A. Gallagher
United States District Judge